AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District MIDDLE DIST. of FLORIDA |
|---|---|
| Name WILLIAM GREGORY THOMAS | Prisoner No. 3115 0983-120-S | Case No. 3:03-CV-237-32 |

Place of Confinement

UNION CORRECTIONAL INSTITUTION

Name of Petitioner (include name under which convicted)   Name of Respondent (authorized person having custody of petitioner)

WILLIAM GREGORY THOMAS    v.   MICHAEL MOORE, Sec. Fl. Dept. Cor.

The Attorney General of the State of:
CHARLIE CRIST, FLORIDA

**PETITION**

1. Name and location of court which entered the judgment of conviction under attack  CIR CT, 4TH JUD CR. DUVAL COUNTY, FLORIDA

2. Date of judgment of conviction  July 22, 1994

3. Length of  DEATH, LIFE, LIFE

4. Nature of offense involved (all counts)  FIRST DEGREE MURDER, KIDNAPPING, BURGLARY WITH BATTERY

5. What was your plea? (Check one)
   (a) Not guilty  ☑
   (b) Guilty  ☐
   (c) Nolo contendere  ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☑
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☑  No ☐  SENTENCING PHASE

8. Did you appeal from the judgment of conviction?
   Yes ☑  No ☐

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court __Supreme Court of Florida__

   (b) Result __Convictions Affirmed__

   (c) Date of result and citation, if known __March 20, 1997   693 So 2d 951__

   (d) Grounds raised __See Attachment 1__

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court __N/A__

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court __U.S. Supreme Court__

   (2) Result __Cert. Denied__

   (3) Date of result and citation, if known __522 U.S. 985   Nov. 17, 1997__

   (4) Grounds raised __unknown__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☑   No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court __Circt. Fourth Judicial Cir., Duval County, Fla__

    (2) Nature of proceeding __Motion to Vacate__

    (3) Grounds raised __See Attachment 2__

(3)

AO 241 (Rev. 5/85)

___

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☑   No ☐

(5) Result __RELIEF DENIED__

(6) Date of result __APRIL 26, 2001__

(b) As to any second petition, application or motion give the same information:

(1) Name of court __N\A__

(2) Name of proceeding _____

(3) Grounds raised _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☑   No ☐
(2) Second petition, etc.   Yes ☐   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241  (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: __GROUNDS I - VII ATTACHED__

Supporting FACTS (state *briefly* without citing cases or law):

_____

_____

_____

_____

_____

_____

_____

B. Ground two: _____

Supporting FACTS (state *briefly* without citing cases or law):

_____

_____

_____

_____

_____

AO 241 (Rev. 5/85)

   C. Ground three: _____

      Supporting FACTS (state *briefly* without citing cases or law): _____

   D. Ground four: _____

      Supporting FACTS (state *briefly* without citing cases or law): _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐   No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing    N|A

    (b) At arraignment and plea    PUBLIC DEFENDER

AO 241 (Rev. 5/85)

    (c) At trial   RICHARD NICHOLS
                deceased

    (d) At sentencing   RICHARD NICHOLS
                deceased

    (e) On appeal   STEVEN L. Seliger
                16 N ADAMS ST., P.O. Box 324, Quincy, Fl 32353

    (f) In any post-conviction proceeding   DALE G. WESTLING, SR.
                331 E. UNION ST, Jacksonville, Fl 32202

    (g) On appeal from any adverse ruling in a post-conviction proceeding   Dale G. Westling, SR.
                331 E. UNION ST, JACKSONVILLE, Fl 32202

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    Yes ☑  No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☑  No ☐
    (a) If so, give name and location of court which imposed sentence to be served in the future:   SAME COURT — CIR. CT 4TH JUD. CIR., DUVAL Co., FLORIDA
    (b) Give date and length of the above sentence:   July 22, 1994   LIFE

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☑  No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

                              _____
                              Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

4-3-03
Date

                              _____
                              Signature of Petitioner

ATTACHMENT 1

ANSWER TO QUESTION 9(d)

I.  The State failed to prove the corpus delicti.

II. The trial court violated the dictates of *Campbell v. State*.

III. The CCP Instruction was given during the penalty phase was unconstitutional.

IV. The State Attorney repeatedly gave unconstitutional information to the jury about the weighting process.

V. The Trial Court failed to make clear to the jury that it could exercise its reasoned judgment and recommend life imprisonment even if the mitigating circumstances did not outweigh the aggravating circumstances in Mr. Thomas' case.

VI. The Trial Court's instruction on "Heinous, Atrocious or Cruel" was constitutionally inadequate

VII. The Prosecutor's closing argument during the Penalty Phase violated Mr. Thomas' right to a fair trial.

VIII. The use of an automatic aggravator violates Federal and State Constitutional Law.

IX. The evidence was insufficient to support a finding that the murder was committed for pecuniary gain

X. Conclusion

XI. Certificate of Service

ATTACHMENT 2

ANSWER TO QUESTION 11(a)(3)

CLAIM I:

Mr. Thomas' sentencing jurors were repeatedly misinformed and misled by instructions and arguments which unconstitutionally and inaccurately diluted their sense of responsibility for sentencing contrary to the eighth and fourteenth amendments. Defense counsel's failure to object and adequately litigate this issue was ineffective assistance of counsel.

CLAIM II:

William Gregory Thomas was denied the effective assistance of counsel at the guilt/innocence and sentencing phases of his trial, in violation of the sixth, eighth and fourteenth amendments to the united states constitution.

ADDENDUM TO MOTION FILED AUGUST 15, 2000

1. At the conclusion of the trial, the prosecutor, Lance Day, dropped a hangman's noose on to the counsel table. This action greatly prejudiced the jury and was unwarranted. The defense counsel failed to object to said action.

2. Defense counsel did not inform the Defendant that a guilty plea relative to the charge of murder (wherein his mother was the victim) could result in an aggravating circumstances in the penalty phase of the murder trial relative to his wife.

Ground One

Registry Counsel is appointed for each Florida death row inmate who qualifies therefore. However, registry counsel is forbidden from representing his client in any companion case, even if the results of the companion case impact on the death sentence case. Mr. Thomas was never told that his counsel could not represent him on the issue of whether he entered a knowing, voluntary, informed and intelligent plea in the companion case although the terms of that plea agreement foreclosed his attack, directly or collaterally, on both convictions. This denied Mr. Thomas due process.

Supporting Facts

William Gregory Thomas was charged with first degree murder in two separate, consecutively numbered cases. He was charged with the death of his mother in 93-5393, (Elsie Thomas case) and with his wife in 93-5394 (Rachel Thomas case).

He entered a plea of convenience in the Elsie Thomas case. However, that plea bargain carried with it certain conditions:   (1) Mr. Thomas was purportedly precluded from attacking that conviction by appeal or by post conviction motion; (2) he gave up his right to appeal or to pursue State court post conviction remedies in the death case (Rachel Thomas) .

Page 1 of 7

His plea in the Elsie Thomas case was involuntary and unknowing. He never attempted to attack the Elsie Thomas conviction *pro se* because he had been assigned a lawyer to represent him from the Registry. He believed that he would be represented on all aspects of his criminal convictions. That was not the case because Florida law forbade it.

In the appeal from the instant conviction he argued that he did not knowingly waive the right to appeal the death conviction. In spite of the fact that there had been no post conviction challenge to the plea agreement, the Supreme Court of Florida construed the plea agreement as a waiver of his rights in the death case. "As for Thomas's claim that the waiver is unconstitutional and violates public policy, this claim is procedurally barred because it 'could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence." *Thomas v. State*, 838 So.2d 535 (Fla. 2003).

The validity of the plea has never been evaluated by an appellate or post conviction court.

In fact, Fla. Stat. § 27.11(11), rather than providing counsel for *the defendant and his entire scope of criminal problems,* forbids–without any notice to the defendant–registry counsel from filing a collateral attack, even on cases where the issues are inextricably intertwined with the sentence of death such as Mr. Thomas'

case.

> (11) An attorney appointed under s. 27.710 to represent a capital defendant may not represent the capital defendant during...a proceeding challenging a conviction or sentence other than the conviction and sentence of death for which the appointment was made....

That section also forbids registry counsel from representing the defendant at a retrial, resentencing, clemency, suspension or remission of fines and forfeitures, reprieves, pardons, restoration of civil rights, commutations or any civil litigation other than habeas corpus proceedings.

The alleged death of Rachel Thomas occurred two years before the death of Elsie Thomas. Mr. Thomas was not charged in the Rachel case until *after* he was charged with the death of his mother.

Ground II

The Sixth Amendment to the United States Constitution, through the Fourteenth Amendment, makes it clear that a lawyer owes a duty of loyalty to his client. Not only can he not place another person's interests above those of his client, but he cannot take actions which protect his own interests at the expense of his client. Richard Nichols was ineffective in his representation of William Gregory Thomas at the trial of the Rachel Thomas case. He then contrived to exonerate his own shortcomings by negotiating a plea agreement in the Elsie Thomas case so that his

errors in the Rachel Thomas case could not be the subject of reversal or scrutiny.

Supporting Facts

Mr. Nichols negotiated a plea agreement on the morning of the Elsie Thomas trial which would result in a life sentence for Mr. Thomas. The most striking feature of the plea negotiations was not that Mr. Thomas would receive a life sentence on a case where no eyewitness existed as to the circumstances of Elsie Thomas' death, but rather that this plea agreement, unique in its terms, serves virtually no purpose for Mr. Thomas but serves to insulate any liability–even from criticism–of his lawyer, the trial court or the prosecution team.

Ground III

If Mr. Nichols is not found to have suffered under an actual conflict of interest when he induced the plea of Mr. Thomas, the facts surrounding the plea establish ineffective assistance of counsel.

Supporting Facts

Mr. Thomas will rely on the facts presented in support of Ground II as well as facts contained in his accompanying presentation.

Ground IV

Mr. Thomas' sentencing jurors were repeatedly misinformed and misled by instructions and arguments which unconstitutionally and inaccurately diluted their

sense of responsibility for sentencing contrary to the eighth and fourteenth amendments. Defense counsel's failure to object and adequately litigate this issue was ineffective assistance of counsel.

Supporting facts

The jury was inundated with both instruction and argument which diluted and minimized their responsibility as jurors such that there was not a reliable exercise of the sentencing recommendation function.

As instances of this dilution of responsibility, the entire venire was instructed that the trial judge really had to make the decision and bore the ultimate and final responsibility for the sentencing decision. Trial Tr. 1323. That was reaffirmed during the final penalty phase jury instruction. Trial Tr. 1449.

The prosecutor echoed that there was just to be a "recommendation" made ant that should be death and be made to the person who makes the final decision–unlike their recommendation–the trial judge. Trial Tr. 1436.

Ground V

William Gregory Thomas was denied the effective assistance of counsel at the guilt/innocence and sentencing phases of his trial, in violation of the sixth, eighth and fourteenth amendments to the united states constitution.

Supporting facts

Page 5 of 7

Trial counsel had little contact or interaction with the client. He failed to investigate the circumstances of the case; failed to prepare for the trial or the penalty phase and permitted his desire to have both opening and closing argument to override any judgment which he could have exercised.

Ground VI

At the conclusion of the trial, the prosecutor, Lance Day, dropped a hangman's noose on to the counsel table. This action greatly prejudiced the jury and was unwarranted. The defense counsel failed to object to said action.

Supporting facts

The Prosecution fashioned rope which was being utilized to illustrate to the jury non intersecting threads of this case. Rope was then fashioned into the ugliest of demonstratives, a hangman's noose, by the State which was seeking the death of Mr. Thomas.

Ground VII

Defense counsel did not inform the Defendant that a guilty plea relative to the charge of murder (wherein his mother was the victim) could result in an aggravating circumstances in the penalty phase of the murder trial relative to his wife.

Supporting facts

Mr. Thomas testified at the evidentiary hearing on his motion to vacate that

he was never apprised that his plea in the Elsie Thomas case would be an "automatic" aggravating circumstance in the sentencing on the Rachel Thomas case. This was not controverted by Nichols.

Ground VIII

The structure and implementation of Florida's Death Penalty is unconstitutional under *Ring v. Arizona*.

Supporting facts

The Florida statute requires the judge to be the sole sentencing agent. He or she must find, under the death penalty statute, that sufficient aggravating circumstances exist and that there are insufficient mitigating circumstances to outweigh the aggravating circumstances. This leaves the judge to make findings of fact such that the defendant's penalty can be increased.